Armentha **HOOKER**, Plaintiff-Appellant,

v.

Nancy A. **BERRYHILL**, Acting Commissioner of Social Security, Defendant-Appellee,

No. 15-15647

United States Court of Appeals, Ninth Circuit.

---

Submitted March 13, 2017 * San
Francisco, California

Filed March 27, 2017

Eric G. Slepian, Esquire, Slepian Law
Office, Phoenix, AZ, for Plaintiff-Appellant

Laura Hope Holland, SSA-Social Securi-
ty Administration, Office of the Regional
Chief Counsel, Denver, CO, for Defendant-
Appellee

Before: FERNANDEZ and
WATFORD, Circuit Judges, and
STATON,** District Judge.

MEMORANDUM ***

Armentha Hooker appeals the district
court's judgment which affirmed the Com-
missioner of Social Security's denial of
supplemental security income benefits[1] to
her minor child, Z.H. We vacate and re-
mand for further proceedings.

Hooker asserts that the Administrative
Law Judge (ALJ) erred when she deter-
mined that Edwin Perez, M.D., a psychia-
trist, was not the child's treating physician
because he had not seen the child often
enough before he rendered his opinion. We
agree.

The precise number of times a physician
has met with a patient before he renders
an opinion (here at least one to three times
within the eight months preceding the

opinion) is not determinative of the au-
thenticity of the treating relationship for
these purposes. *See* 20 C.F.R. § 416.902;
*Benton ex rel. Benton v. Barnhart,* 331
F.3d 1030, 1038-39 (9th Cir. 2003). No
doubt, the number of visits should be of a
nature that is typical,[2] but the evidence in
this case does not show that Dr. Perez
failed to meet that standard. We also note
that the child was seen a number of times
by other providers at the facility (Valle Del
Sol) where Dr. Perez was located and for
the same problems that required his atten-
tion. *See Benton,* 331 F.3d at 1039.

Because treating physicians' opinions
are given substantial (often controlling)
weight,[3] the ALJ's conclusions were seri-
ously affected by this error. Indeed, the
consulting expert—Dr. Raymond Moore, a
psychologist—upon whom the ALJ strong-
ly relied indicated that if Dr. Perez was
truly a treating physician his opinion
would be weighty.

Moreover, the ALJ's sweeping conclu-
sion that the record, which is quite exten-
sive, did not support Dr. Perez's opinion is
far too general to constitute a specific rea-
son to discredit Dr. Perez's opinion, and
that is especially so if he is a treating
physician. *See Treichler v. Comm'r of Soc.
Sec. Admin.,* 775 F.3d 1090, 1102-03 (9th
Cir. 2014); *Garrison,* 759 F.3d at 1012-13;
*Magallanes v. Bowen,* 881 F.2d 747, 753
(9th Cir. 1989). As it is, there is much
supporting evidence in the record.

For example, the child's teacher, Linda
Foster, who had ample time to observe the

* The panel unanimously finds this case suitable
for decision without oral argument. Fed. R.
App. P. 34(a)(2).
** The Honorable Josephine L. Staton, United
States District Judge for the Central District
of California, sitting by designation.
*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36-3.

1. 42 U.S.C. § 1382c(a)(1), (a)(3)(C).

2. *See* 20 C.F.R. § 416.902.

3. *See* 20 C.F.R. § 416.927(c)(2); *Garrison v.
Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014);
*Orn v. Astrue,* 495 F.3d 625, 631-33 (9th Cir.
2007).

child, pointed to the child's aggressive behaviors and opined that she had marked disabilities in a number of areas (an opinion that essentially agreed with that of Dr. Perez). The ALJ does not appear to have considered that lay opinion at all. That failure, itself, was an error by the ALJ. *See* 20 C.F.R. § 416.924a(a)(2)(iii); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Moreover, it appears that Dr. Moore did not even realize that Foster's opinion was in the record.[4] Failure to consider Foster's evidence was doubly harmful because that evidence not only tended to underscore the child's problems at school, but also buttressed Dr. Perez's opinion. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Another example is the child's mother's testimony about the ongoing symptoms as shown by problems experienced in the home and about the many calls from the school regarding the child's poor behavior. The ALJ discounted some of that testimony and on this record we cannot say that the ALJ erred in so doing.[5] Still, the ALJ did not disregard the testimony in its entirety, and it does lend support to Dr. Perez's opinion.

Thus, we cannot uphold the Commissioner's determination at this time. Rather, we will vacate the district court and remand the matter so that the case can be given further consideration by the Commissioner, which may well necessitate further development and clarification of the record[6] regarding Dr. Perez's treating relationship with the child in the context of the child's overall treating relationship at Valle Del Sol.[7]

VACATED and REMANDED to the district court for further remand to the Commissioner for further proceedings consistent with this disposition. Costs on appeal are to be taxed against the Commissioner.

---

4. However, we do not suggest that his opinion should be rejected in its entirety simply because he did not see a few of the exhibits.

5. *See Garrison*, 759 F.3d at 1010.

6. We note that development and clarification of the record falls within the duties of the ALJ. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

7. We do not remand for the computation of benefits at this time because on this record we are not able to say that this is one of those " 'rare circumstances, where no useful purpose would be served by further administrative proceedings.' " *Treichler*, 775 F.3d at 1100 (citation omitted).